OCT. AND NOV. TERM, 1884, NOS. 194 AND 195.    NOV. 7, 1884.

## Ford *et al. vs.* Borough of Chartiers.

## Appeal of Ford *et al.*

The court of quarter sessions appointed viewers to assess damages and benefits arising from the widening of a street in the borough of Chartiers. The viewers filed their report on December 7, 1882, to which exceptions and demand for "jury trial in the manner provided by the laws of this Commonwealth," were filed on December 22, 1882. *Held*, that this was not such a demand as the court of quarter sessions was bound to heed, and that it was not in compliance with the act of 13th June, 1874, P. L., 283, giving the right of appeal to the common pleas "within thirty days from the ascertainment of the damages or the filing of the report thereof in court and not afterwards."

Before MERCUR, C. J.; GORDON, PAXSON, TRUNKEY, STERRETT, GREEN, and CLARK, JJ.

Error to the Court of Quarter Sessions of *Allegheny County.*
*Certiorari* to said quarter sessions.
Appeal of James Ford and James Gallagher *in re* street in Chartiers borough.
On the 25th day of November, 1882, the burgess and town council of the borough of Chartiers presented to the

[Ford *et al. v.* Borough of Chartiers.]

court of quarter sessions their petition, setting forth that petitioners, by an ordinance passed by the borough council and duly approved, had widened a portion of Fourth avenue, one of the streets of said borough, from Chartiers creek to the line of the Chartiers Valley railroad, to the uniform width of fifty-five feet, by the addition to the south side of said street of a strip of land seven feet wide. This strip was taken from the lots abutting upon said street. The petition and draft annexed showed that there would be taken for this purpose, from a lot owned by the appellants abutting upon the south side of said street, a strip of land seven feet wide and forty-three feet long (the front of the lot.) It also appeared that there was upon said lot a two-story frame building owned by the appellants, and nearly as wide as the lot. The proposed appropriation of land would cut off three feet and four inches from the front of the building. The petition then prayed for the appointment of viewers to assess benefits and damages resulting from the proposed widening. The court thereupon appointed viewers. The viewers, on the 7th day of December, 1882, filed their report, wherein, among other things, they reported "that the two-story frame house owned by Gallagher and Ford would have to be moved back a distance of three feet four inches, and appropriate a depth of seven feet along the front of said property, and we do assess and allow to James Gallagher and James Ford, as damages caused as aforesaid over and above all advantages, the sum of two hundred and fifty dollars." The report did not contain a description of the land assessed for benefits, but referred to the draft of survey submitted to the board of viewers, "a copy of which has heretofore been submitted to your honorable court."

On December 22, 1882, Ford & Gallagher filed, *inter alia,* the following exception and demand for trial to the report of the viewers, viz:

"Because the report of the said board of viewers does not show the manner in which they arrived at the damages sustained respectively by these exceptants.

"In addition to the said exception, the exceptants respectively demand a trial by jury in the manner provided by the laws of the Commonwealth in order that the damages sustained by them may be ascertained and determined."

They also filed affidavits that the facts are just and true.

On the 28th day of April, 1884, the court dismissed the exceptions, refused the jury trial, and confirmed the re

port of the viewers absolutely. At the next term, after the confirmation of the viewers' report, on the 19th day of July, 1884, the appellants filed a petition for a review, and a rule was granted to show cause why this review should not be granted. This rule, on the 13th day of December, 1884, was discharged.

The exceptants then took out a writ of error and appealed, assigning as error the dismissal of said exception, the refusal of the demand for a jury trial, the confirmation of the report of the viewers, and the refusal of the review asked for.

*William C. Moreland* and *Charles C. Dickey* for appellants.

The report of the viewers was insufficient in failing to give any description of the properties assessed for benefits as required by act 22d April, 1856: Pur. L. Dig., 174, pl. 95. It did not allow anything for the land taken, nor specify how much was allowed for cutting off the building.

The report also failed to show when and where the viewers met, and whether the appellants had notice of the time and place of meeting: New Jersey Central RR. Co.'s Appeal, 39 Leg. Int., 330.

The demand for jury trial was made in time. The form of the demand was sufficient, and was substantially the same as that made in Pusey's Appeal, 2 Norris, 67. It was equivalent to a formal appeal; and was, to all intents and purposes, an appeal.

*O. R. Cooke* and *E. Edgar Galbreth* for appellee.

The report shows that the manner in which the viewers arrived at the damages sustained by exceptants was by "having regard both to the advantages and disadvantages to the several properties," &c.

The damages must be awarded as damages caused by the widening of the street, and not so much for the land and so much for the removal of the building. Under the act of 1856, relating to boroughs, the remedy for an insufficient allowance of damages is by application for a review within the prescribed time: Montgomery Street, 7 Luz. L. Reg., 79; Road in Plum Township, 2 Pitts., 184.

If appellants were entitled to a jury trial, it was by virtue of act of 13th June, 1874, P. L. 283, Purd. Dig., 1855, sec. 2, which requires an appeal to be taken "within thirty days from the ascertainment of the damages or the

[Ford *et al. v.* Borough of Chartiers.]

filing of the report." This was not done. The demand for trial cannot be construed as an appeal in accordance with the act of 1874; 1 S. & R., 78; 1 Binn, 219; 3 *Id.*, 48. This act also requires an appeal to be accompanied by an affidavit that the same was not taken for delay, &c., which was not done here : Road in Springdale Township, 10 Norris, 263. The demand was not in substantially the same form as that made in Pusey's Appeal, 2 Nor., 67.

If entitled to a review at all, the petition came too late, as the road law provides that it must be presented at or before the next term of the court after the filing of the report : Act 13th June, 1836, sec. 25, P. L., 559 ; Purd. Dig., 1283, sec. 84. The act of 22d April, 1856, provides that the confirmation shall be conclusive on all parties. Any description or reference sufficient to identify and distinguish the property would be a compliance with the act of 1856. The draft or plan referred to in the report fully describes the property. The law does not require that separate amounts should be found for the lot and for the building. The act of 1856 makes no provision for notice.

NOVEMBER 13TH, 1884.—PER CURIAM : The act of Assembly gives a right of appeal to the common pleas " within thirty days from the ascertainment of the damages or the filing of the report thereof in court and not afterwards." This is a matter of right when exercised at the proper time and in a proper manner. Here it was not done. Demanding in the quarter sessions, "a trial by jury in the manner provided by the laws of this Commonwealth" is not such a demand as the latter court was bound to heed. No writ of error lies for refusing it. The court was right in overruling the exceptions and in confirming the report of the viewers.

The writ of error is quashed and judgment on the *certiorari* is affirmed.